```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

CHARLES J. LABRADOR,           )
     Plaintiff                 )
                               )
          v.                   )   C.A. No. 13-13029-MLW
                               )
INDUSTRIAL CONTRACTORS'        )
SUPPLIES, INC. and 3M COMPANY, )
     Defendants.               )
```

MEMORANDUM AND ORDER

WOLF, D.J.                                    September 30, 2015

I.   BACKGROUND

Plaintiff Charles Labrador alleges that, on or about September 27, 2010, he was using a "Diamond Glitter Bit" on a die grinder when the bit broke, causing him severe and permanent injury. Compl. ¶5. On September 9, 2013, Labrador filed a complaint in the Barnstable Superior Court for the Commonwealth of Massachusetts against Defendant Industrial Contractors' Supplies, Inc. ("ICS"). He alleged that ICS manufactured, designed, or sold the bit. The Complaint included four counts against ICS: negligence (Count I); breach of express and implied warranties of merchantability and fitness (Count II); product liability (Count III); and willful, wanton, reckless, and/or grossly negligent conduct (Count IV).

ICS was served on November 12, 2013. It removed the case to federal court on November 26, 2013. On April 2, 2014, Judge Nathanial Gorton allowed Labrador's motion to file an amended

complaint. On May 19, 2014, Labrador did so. In the Amended Complaint, Labrador alleges that 3M Company ("3M"), as successor in interest of Victory Diamond Tool Company, manufactured or designed the bit or placed it in the channels of commerce. Am. Compl. ¶36. 3M was served on June 3, 2013, approximately nine months after Labrador filed his original complaint.

The Amended Complaint contains eight counts. Counts I-IV are identical to those in the original Complaint. Counts V-VIII repeat the same allegations against defendant 3M. On June 24, 2014, 3M filed a motion to dismiss Counts V-VIII as barred by the statute of limitations.

II. LEGAL STANDARD

   A. Motion to Dismiss

A defendant may move to dismiss based on statute of limitations grounds, "provided that the facts establishing the defense are clear on the face of the plaintiff's pleadings." Trans-Spec Truck Svc., Inc. v. Caterpillar Inc., 524 F.3d 315, 320 (1st Cir. 2008) (citations and internal quotation marks omitted). "Granting a motion to dismiss based on a limitations defense is entirely appropriate when the pleader's allegations leave no doubt that an asserted claim is time-barred." LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 509 (1st Cir. 1998). Conversely, dismissal is inappropriate when the complaint "sketch[es] a factual predicate that would warrant the application of either a

different statute of limitations period or equitable estoppel." Trans-Spec Truck, 524 F.3d at 320.

B. Relation Back

A claim in an amended complaint that adds a new defendant after the relevant statute of limitations has expired is "time-barred as a matter of law unless the amended complaint 'relates back' to the original complaint." Coons v. Industrial Knife Co., 620 F.3d 38 (1st Cir. 2010). An amendment relates back to the original complaint when it satisfies Federal Rule of Civil Procedure 15(c). Federal Rule 15(c) is satisfied when "the law that provides the applicable statute of limitations allows relation back." Fed. R. Civ. P. 15(c)(1)(A). This "provision cements in place a one-way ratchet; less restrictive state relation-back rules will displace federal relation-back rules, but more restrictive state relation-back rules will not." Morel v. DaimlerChrysler AG, 565 F.3d 20, 26 (1st Cir. 2009).

Labrador alleges his claims under Massachusetts law. Massachusetts Rule of Civil Procedure 15(c) provides:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment (including an amendment changing a party) relates back to the original pleading.

The Massachusetts relation back rule "is more liberal than Federal Rule 15(c) in allowing amendments adding or substituting party defendants after expiration of the period of limitations." Mass.

3

R. Civ. P. 15 reporter's notes (1973). Since Massachusetts Rule 15 is less restrictive, it displaces Federal Rule 15 in this case. See Coons, 620 F.3d at 42; Morel, 565 F.3d at 26; Cayo v. Fitzpatrick, -- F. Supp. 3d --, No. 13-cv-30113, 2015 WL 1307319, at *4 (D. Mass. Mar. 24, 2015).

Under Massachusetts law, "if an amended complaint is allowed, it automatically relates back" to the original complaint. Pessotti v. Eagle Mfg. Co., 946 F.2d 974, 980 (1st Cir. 1991); see Mass. Gen. Laws ch. 231, §51. The First Circuit has described Massachusetts law as providing an "absolute right" to add a defendant against whom the plaintiff intended to bring the original action. Marshall v. Mulrenin, 508 F.2d 39, 41 (1st Cir. 1974).[1]

However, a court may, in its discretion, deny leave to file an amended complaint. See Castellucci v. U.S. Fid. & Guar. Co., 372 Mass. 288, 292 (1977) ("A liberal amendment policy does not justify overriding the rights of a person who would be prejudiced by . . . a motion to amend."). In deciding whether to do so, a court may consider

> (1) whether an honest mistake had been made in selecting the proper party; (2) whether joinder of the real party in interest had been requested within a reasonable time after the mistake was discovered; (3) whether joinder is

---

[1] Mulrenin applied Massachusetts General Laws c. 231, §51 rather than Massachusetts Rule of Civil Procedure 15(c). 508 F.2d at 41. However, as the First Circuit noted, Massachusetts Rule 15(c) incorporates the language of §51 and "retains the same substantive force as the merged statutory provision." Id. at 45 n.1.

4

necessary to avoid an injustice; and (4) whether joinder would prejudice the nonmoving party.

Berman v. Linnane, 434 Mass. 301, 304 (Mass. 2001); see also Goulet v. Whitin Mach. Works, Inc., 399 Mass. 547, 549-50 (1987) (leave to amend may be denied for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party [or] futility of amendment"). Massachusetts courts may consider whether the new defendant had notice of the litigation during the limitations period. See Weber v. Cmty. Teamwork, Inc., 434 Mass. 761, 785 (2001). However, notice is not required to add a defendant. See Mulrenin, 508 F.2d at 41 (allowing amendment despite lack of actual or constructive notice to new defendants).

III. ANALYSIS

The parties here agree that the Amended Complaint was filed approximately eight months after the limitations period expired. 3M argues that the relation back doctrine cannot apply under federal or Massachusetts law. It is mistaken. Under Massachusetts law, the only requirement for adding a defendant under the relation back doctrine is that the claims asserted against the new defendant "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Mass. R. Civ. P. 15(c). Labrador's claims against 3M arise out of the injury

alleged in his original Complaint. 3M does not appear to dispute this fact. See Def.'s Mot. to Dismiss at 5. This is enough to allow relation back under Massachusetts Rule 15(c).

3M, in essence, now asks this court to reconsider and reverse Judge Gorton's decision to permit the filing of an amended complaint. It is not appropriate to do so. Labrador alleges that he initially believed ICS had manufactured the bit. Compl. ¶7; Pl.'s Mem. in Support of Opp. to Mot. to Dismiss at 4 ("Pl.'s Opp."). He first became aware of 3M as the successor in interest of the bit manufacturer in a disclosure made by ICS on March 10, 2014. Pl.'s Opp. at 5 & Ex. 4. He promptly moved to amend to include claims against 3M. The court concludes that Labrador made an honest error in selecting the proper party and moved to amend without delay after the mistake was discovered. See Conneely v. Butterworth Jetting Sys., 219 F.R.D. 25, 27-28 (D. Mass. 2003) (motion to amend "promptly" filed three months after plaintiff became aware of mistake).

3M asserts generally that it would be "prejudiced by having to defend an action almost four years after the alleged incident occurred." See Def.'s Mem. in Support of Mot. to Dismiss at 6-7; Def.'s Reply Mem. at 3 n.1. However, it does not identify the form of such prejudice. For example, 3M does not identify any evidence or witnesses that are now unavailable. See Covel v. Safetech, Inc., 90 F.R.D. 427, 434 (allowing amendment to add

6

defendant more than six years after injury, where some evidence had been lost). Nor does it explain how an eight month delay hindered its ability to defend this case. Cf. Pessotti, 946 F.2d at 981 (holding that amendment should not have been allowed four years after limitations period expired, where key witness' testimony changed during that period).

Next, 3M argues that it did not have the requisite notice that it might be added as a party. Def.'s Reply Mem. at 2. However, as explained earlier, notice is not a prerequisite to relation back under Massachusetts Rule 15(c). See Mulrenin, 508 F.2d at 41.

Finally, 3M claims that it cannot be added as a defendant because Labrador did not make a "mistake regarding the identity of the proper party," but only lacked knowledge of the proper party. See Def.'s Mem at 5-6. However, under Massachusetts Rule 15 the court may allow any amendment that "would enable a plaintiff to maintain the action which he originally intended to bring." Bengar v. Clark Equip. Co., 401 Mass. 554, 557 (1988). Labrador intended to bring suit against the maker of the allegedly defective bit. His claims against 3M are not barred by the fact that he was unaware of its alleged role in manufacturing the bit. See Cayo, 2015 WL 1307319 at *2 (allowing plaintiff to add police officers he discovered were on scene of alleged assault); Peterson v. Cadogan, 313 Mass. 133, 134 (1943) (allowing plaintiff to substitute driver he discovered was responsible for vehicle

7

crash); Medina v. Pillemer, 20 Mass. L. Rptr. 352, at *1 (Mass. Super. Ct. 2005) (unpublished) (allowing plaintiff to add doctor he discovered was treating defendant).

Massachusetts law has an "expressed tendency [] in favor of allowing amendments, and a motion to amend should be allowed unless some good reason appears for denying it." Castellucci, 372 Mass. at 289 (1977). No such reason exists here.

IV. ORDER

In view of the foregoing, it is hereby ORDERED that:

1. Defendant 3M's Motion to Dismiss (Docket No. 34) is DENIED.

2. This case is hereby REFERRED to the Magistrate Judge for pretrial purposes or, if the parties consent, for all purposes.

/s/ Mark L. Wolf
UNITED STATES DISTRICT JUDGE