UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARLES LABRADOR,<br>    Plaintiff,<br><br>    v.<br><br>INDUSTRIAL CONTRATORS'<br>SUPPLIES, INC. AND 3M<br>COMPANY,<br>    Defendants. | C.A. No. 13-13029-MLW |

ORDER

WOLF, D.J.                                             September 1, 2017

For the reasons stated in court and as stated at the hearing on August 30, 2017, it is hereby ORDERED that:

1. The Magistrate Judge's Report and Recommendation (Docket No. 142) regarding the defendants' motions for summary judgment is ADOPTED in part and MODIFIED to the extent that it is inconsistent with the August 30, 2017 oral decision. Defendants Industrial Contractors' Supplies, Inc. ("ICS") and 3M Company ("3M")'s motions for summary judgment (Docket Nos. 102 & 106) are ALLOWED as to count 1, alleging negligence against ICS, and counts 4 and 8, alleging gross negligence against both defendants. The motions are also ALLOWED as to counts 2, 3, 6, and 7 to the extent that they allege a breach of the implied warranty of fitness for a particular purpose. The motions are DENIED as to counts 2, 3, 6, and 7 to the extent that they allege a breach of the implied

warranty of merchantability, meaning fitness for ordinary use. The motions are also DENIED as to count 5, alleging negligence against 3M.

2. The parties shall, by September 11, 2017, meet to discuss settlement, and report whether they have resolved the case. If not, the report shall state whether the parties wish to mediate this case with this judge or another mediator and, if the parties wish this judge to mediate the case, whether they waive any objections to his continued adjudication of this case.

3. If the parties have not resolved this case, they shall, by September 13, 2017, each file:

(a) Any motions in limine and supporting memoranda.

(b) Proposed voir dire questions.

(c) Proposed jury instructions, with authority for each instruction.

(d) A proposed special verdict form.

(e) A trial brief that, among other things, includes: a summary of the evidence to be presented; a statement of disputed facts concerning each claim or defense; a statement of the disputed issues of law concerning each claim or defense, and an explanation, citing authority, for the party's position; and a list of proposed exhibits. The trial brief shall also identify any scheduling conflicts counsel may have with the scheduled trial date of October 23, 2017.

(f) A statement designating the portions of any depositions the party proposes to introduce in its case-in-chief.

4. The parties shall, by September 26, 2017, file:

(a) Responses to any motions in limine.

(b) Any stipulations.

(c) Any counter deposition designations.

(d) A statement of the anticipated number of days, sitting from 9:00 a.m. to 1:00 p.m., required for trial.

(e) A list of the names and addresses of the witnesses, in the order they will be called to the extent possible, which identifies the exhibits that will be offered through each witness. The list shall also identify any witnesses whose testimony is proposed to be introduced by deposition pursuant to Federal Rule of Civil Procedure 32(a)(4).

(f) Any objections to proposed exhibits or deposition designations.

5. A hearing on any motions in limine and a final pretrial conference shall be held on October 3, 2017, at 9:30 a.m. A representative of each party with full authority to settle the case shall attend. The representative of any insurance company involved and of AIG and any other entity holding a lien on recovery by plaintiff shall also attend.

6. Trial shall commence on October 23, 2017, at 9:00 a.m.

3

7. The parties shall order the transcript of the August 30, 2017 oral decision on the motions for summary judgment.

_____
UNITED STATES DISTRICT JUDGE